UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 06-CV-3409 (JFB)

IN RE: JOHN ANTHONY ALBICOCCO,

Debtor.

JOHN ANTHONY ALIBICOCCO,

Appellant,

VERSUS

ORESTE ALBICOCCO,
MARY ROSSINI,
ROCCO ROSSINI,
PORT DOCK & STONE CORPORATION,

Appellees.

MEMORANDUM AND ORDER
September 13, 2006

JOSEPH F. BIANCO, District Judge:

By Memorandum and Order dated August 16, 2006, this Court dismissed Debtor's appeal from an Order of the Honorable Stan Bernstein, United States Bankruptcy Judge, approving a stipulation of settlement between the Trustee and several creditors of the Debtor's estate. *See Albicocco v. Albicocco (In re Albicocco)*, No. 06-CV-3409 (JFB), 2006 WL 2376441, at *10 (E.D.N.Y. Aug. 16, 2006). The Court found that dismissal was warranted on either of two alternative grounds, that: (1) Debtor failed to timely comply with the filing requirements under Rule 8006 of the Federal Rules of Bankruptcy Procedure, and (2) Debtor lacked standing to prosecute the appeal because he failed to satisfy his burden of demonstrating solvency. *See id.,* at *10. Debtor has filed a Notice of Appeal of that Order to the United States Court of Appeals for the Second Circuit, and in the instant motion, seeks a stay pending that appeal.[1] For the reasons stated below,

---

[1] Debtor's application appears to request broader relief, including a potential permanent injunction on the enforcement of an eviction order issued by the Bankruptcy Court. The Court construes the instant application as a motion for a stay pending

Debtor's application for a stay pending appeal is denied. The Court, however, grants a temporary stay so that the Debtor may seek a stay pending appeal from the United States Court of Appeals for the Second Circuit.

I. LEGAL STANDARD

In determining whether or not to grant a motion for a stay pending appeal, a district court must consider: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *Hirschfeld v. Bd. of Elections in the City of N.Y.*, 984 F.2d 35, 39 (2d Cir. 1993) (quoting *Dubose v. Pierce*, 761 F.2d 913, 920 (2d Cir. 1985)); *see also Drywall Tapers and Pointers of Greater New York, Local 1974 v. Local 530 of the Operative Plasters' and Cement Masons' Int'l Assoc., AFL-CIO*, No. 93-CV-0154 (JG), 2005 WL 638006, at *12 (E.D.N.Y. Mar. 17, 2005). The party seeking a stay pending appeal bears the burden of proving an entitlement to the stay. *United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995) ("A party seeking a stay of a lower court's order bears a difficult burden."); *see also Clarett v. National Football League*, 306 F. Supp. 2d 411, 412 (S.D.N.Y. 2004) (denying application for stay because movant failed to meet burden to prove entitlement to stay); *Neely v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry*, No. 00-CV-2013 (SJ), 2003 WL 21448872, at *1 (E.D.N.Y. June 4, 2003) (denying application for stay because movants did not satisfy "high burden" placed upon them).[2]

---

appeal because that is the only relief which the Court is competent to grant at this juncture in this case.

[2] In its opposition to Debtor's application, creditor Port Dock and Stone Corporation ("PDSC") classified the relevant inquiry as involving four elements, *all* of which must be satisfied in order to justify a stay pending appeal. A number of district and bankruptcy courts within this circuit have classified the stay pending appeal standard under Rule 8005 of the Federal Rules of Bankruptcy Procedure as involving elements, all of which must be demonstrated by the movant in order to obtain relief. *In re Tower Automotive, Inc.*, No. 05-10578 (ALG), 2006 WL 2583624, at *1 (Bankr. S.D.N.Y. June 28, 2006) ("The moving party carries a heavy burden in that all four criteria must be satisfied to some extent before a stay is granted.") (internal quotation and citation omitted); *In re Baker*, No. 05-CV-3487 (CPS), 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005) ("The case law suggests that all four criteria must be satisfied for a stay to be issued.") (internal quotation and citation omitted); *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 271 (S.D.N.Y. 2004) ("[T]he movant's failure to satisfy one prong of the standard for granting a stay pending appeal [of a bankruptcy court order] dooms the motion.") (internal quotation and citation omitted). However, the Second Circuit has treated the general inquiry for granting a stay pending appeal as involving *factors*, rather than elements, which are to be weighed in considering whether or not to grant relief. *See Hirschfeld*, 984 F.2d at 39 (characterizing the criteria as factors); *see also Drywall Tapers*, 2005 WL 638006, at *13 (balancing the criteria as factors). The parties have not briefed the appropriate standard for this case–whether or not the relevant criteria should be considered strict elements that need each to be satisfied, or factors that need to be weighed against each other in equity. The Court, however, need not reach the question of the appropriate standard of review because it concludes, as discussed *infra*, that the Debtor's application should be denied under even the more generous

## II. DISCUSSION

Debtor's application fails to cite the standard for awarding a stay pending appeal, and only discusses his disagreement with the merits of this Court's dismissal of his appeal.[3] The Debtor's argument thus only addresses the third criterion in the standard, the substantial possibility of success on the merits. Putting aside momentarily the Debtor's failure to address the other criteria in the standard, the Court proceeds to consider the argument he actually did advance, and finds it to be without merit.

### A. Substantial Possibility of Success on the Merits

As a threshold matter, the Court dismissed debtor's appeal for two alternative independent reasons: (1) failure to comply with the requirements of Rule 8006 of the Federal Rules of Bankruptcy Procedure; and (2) lack of standing to appeal for failure to demonstrate solvency. *See Albicocco*, 2006 WL 2376441, at *10. With respect to the second ground for dismissal, the Court noted that Debtor's argument that he was solvent relied upon his claim that his state lawsuit against various creditors of his estate was worth millions of dollars far exceeding the amount of his debt. *See id.* at *9. The Court rejected this claim, noting that the claims were valueless as barred by *res judicata* for two alternative reasons: (1) the claim had been previously raised in an adversary proceeding that he commenced in the Port Dock and Stone Corporation ("PDSC") bankruptcy case, and was dismissed on the merits based on the "unclean hands" doctrine which Debtor failed to appeal;[4] and (2) the disposition of the assets at issue in the state lawsuit had been resolved by settlement in the PDSC case, which Debtor failed to object to, and has become final.[5] Thus, since all of these constitute independent alternative grounds for dismissal, in order for Debtor to prevail on appeal, he would be required to demonstrate that this Court erred in making *all* three determinations: (1) that dismissal based on Rule 8006 was warranted; (2) that the dismissal of his adversary action based on the unclean hands doctrine was entitled to *res judicata* effect; and (3) that the settlement in the PDSC bankruptcy case was entitled to *res judicata* effect. As set forth below, the Court finds that Debtor has failed

---

standard, which treats the criteria as factors to be balanced rather than elements that all have to be necessarily satisfied.

[3] To the extent that Debtor intended his application to be a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, the Court denies it as untimely–the Memorandum and Order, as well as the judgment was entered on August 16, 2006, and the Debtor did not file the instant motion until September 1, 2006, exceeding the ten day period in which a party may file an application pursuant to Rule 59(e). FED R. CIV. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment"); Local Civil Rule 6.3 ("A notice of motion for reconsideration or re-argument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion, or, in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment."); *Rodriguez v. Trustees of Columbia Univ. in the City of N.Y.*, No. 03-CV-4072 (TPG), 2006 WL 2521323, at *2 (S.D.N.Y. Aug. 30, 2006) (denying motion for reconsideration as untimely). In any event, there is no basis for reconsideration.

[4] *See Albicocco*, 2006 WL 2376441, at *9.

[5] *See id.*

3

to demonstrate a substantial likelihood of success on even a single one of those determinations.

First, Debtor argues that the Court improperly dismissed the appeal based on failure to comply with the filing requirements of Rule 8006 of the Federal Rules of Bankruptcy Procedure. Under Rule 8006, an appellant has ten days to file his designation of items to be included on appeal and a statement of issues to be presented. *See id.* at *5. The parties in this case do not dispute that Debtor's Rule 8006 statement was untimely–the only issue is whether the Court should have granted an extension of time, *nunc pro tunc*, to cure the untimeliness. *See id.* Under Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, the Court could accept the untimely submission if the "failure to act was a result of excusable neglect." *See id.* (quoting FED. R. BANKR. P. 9006(b)(1)). In *Lynch v. United States (In re Lynch)*, 430 F.3d 600, 604-05 (2d Cir. 2005), the Second Circuit held that a district court does not abuse its discretion when it declines to find excusable neglect for failure to comply with Rule 8006 because the filing requirement under that provision is "quite clear," and it was evident that the appellant's attorney "was aware of the deadlines." Based on *Lynch*, the Court exercised its discretion to decline finding excusable neglect because Debtor's counsel received explicit notice of the requirement by notice provided by the Clerk of the Bankruptcy Court. *See id.* at *8. As part of the analysis, the Court considered other equitable considerations, including the generally casual attitude that Debtor has displayed to the bankruptcy rules, as well as Debtor's proffered excuses, which the Court rejected as inadequate to overcome the presumption that failure to follow the clear dictates of Rule 8006 did not constitute excusable neglect. *See id.* at *7-*8 & n.8.

Debtor argues that this Court's decision is contrary to the "timbre of forgiveness" expressed by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Partnership*, 507 U.S. 380 (1986). Prior to *Pioneer*, the Second Circuit "adhered to a firm rule that '[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.'" *Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 249-50 (2d Cir. 1997) (quoting *In re Cosmopolitan Aviation Corp.,* 763 F.2d 507, 515 (2d Cir. 1985)). However, *Pioneer* established a more liberal standard for excusable neglect, noting that it should not "encompass situations in which the failure to comply with a filing deadline is attributable to negligence . . . the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. at 394-95. Applying these rules, *Pioneer* affirmed a finding that a district court abused its discretion in declining to find excusable neglect and disallowing a late filing based upon the relevant circumstances surrounding the omission–particularly emphasizing the fact that there was no prejudice to the adverse party in allowing the late claim, and that there was "dramatic ambiguity" in the notification of the deadline, which was set forth in a "peculiar" and "inconspicuous" place. *See* 507 U.S. at 397-98.

Although the Second Circuit has recognized the fact that *Pioneer* liberalized the excusable neglect standard, it also highlighted the fact that *Pioneer* noted that "'inadvertence, ignorance of the rules, or mistakes construing the rules do not *usually* constitute 'excusable neglect.'" *Canfield*, 127

4

F.3d at 250 (quoting *Pioneer*, 507 U.S. at 392). Accordingly, the Second Circuit opined on various situations in which neglect may be excusable, for example, "where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules." *Id.* However, the Circuit expressed its position that failure to follow a non-ambiguous rule would generally not constitute excusable neglect:

> [W]e do not believe that the possibility that a court may properly find excusable neglect on such grounds alters the principle that failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect . . . Where . . . the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.

*Canfield*, 127 F.3d at 250-51. Applying this principle, the Second Circuit held inexcusable a late opposition to a summary judgment motion, noting that the relevant deadline was unambiguous, especially in light of the fact the opposing party accurately informed the dilatory party of the requirement in a cover letter accompanying the moving papers. *Id.* at 251 ("Counsel's failure to read and obey an unambiguous court rule–especially when the opposing party told him what the rule said–was not excusable."). Finding that the district court properly considered this, and rejecting the dilatory party's excuse that he was preoccupied with a bid for public office as well as other relevant considerations, the Second Circuit held that the district court did not abuse its discretion in dismissing the party's claim. *See id. Lynch*, relied upon by this Court in the motion to dismiss, applied *Canfield*'s gloss on *Pioneer* to failure to comply with Rule 8006 of the Federal Rules of Bankruptcy Procedure. *See* 430 F.3d at 604.

The Court finds that the Debtor does not have a substantial likelihood of success in arguing that the Court abused its discretion in its application of the excusable neglect standard under *Pioneer*. Under both *Canfield* and *Lynch*, the Second Circuit has made plain the fact that failure to comply with a clear rule for which a party has explicit notice is not excusable, and a district court possesses the discretion to refrain from finding excusable neglect on that ground. There is nothing incongruent with this principle and *Pioneer*, which maintained that negligence is not *usually* excusable, and emphasized in its analysis the *ambiguity* surrounding the notification of the relevant deadline. *See* 507 U.S. at 392, 398. In the instant case, the Court is bound by the explicit finding of *Lynch* that Rule 8006 is unambiguous, and it is undisputed that Debtor received notice of the Rule. Accordingly, this case plainly falls into the scope of *Canfield* and *Lynch*, which allows the Court discretion to decline finding excusable neglect. Moreover, as previously mentioned, the Court properly operated in the framework of *Pioneer* by also considering the equitable considerations surrounding the default.[6] *See*

---

[6] As with his opposition to the motion to dismiss, the Debtor again sets forth as an excuse the fact that he is not an experienced bankruptcy attorney, and that he was prejudiced by the obligation placed upon him to figure out a "complicated set of rules." As stated in the Court's prior Memorandum & Order, his unfamiliarity with bankruptcy law does not alone excuse noncompliance, given his professional obligations. *See Albicocco*, 2006 WL 2376441, at *7 & n.5.

5

*id.* at *7-*8 & n. 8. Accordingly, under these circumstances, Debtor is unlikely to prevail in his efforts on appeal to demonstrate that the Court abused its discretion with respect to this issue.

Next, Debtor challenges this Court's conclusion regarding standing. Debtor's argument, however, solely addresses his position that the Court erred in finding that the dismissal of his adversary proceeding in the PDSC case based on the "unclean hands" doctrine barred his state action through the principles of *res judicata*. The Court finds his arguments without merit, for the same reasons stated in the Court's prior Memorandum and Order.[7] However, even assuming *arguendo*

---

Moreover, the Court rejects Debtor's characterization of the Rule 8006 requirement as "complicated"–the ten day deadline is stated in the text of the rule in plain, unambiguous language, and it was provided in an equally clear fashion in the one-page notice transmitted to him by the Clerk of the Bankruptcy Court.

[7] Debtor again expends a considerable portion of his argument asserting his position that the Bankruptcy Court erred in dismissing his adversary proceeding based on the unclean hands doctrine, but that should have been properly raised in an appeal of that order, which the Debtor failed to do. *See Albicocco*, 2006 WL 2376441, at *9 n.11. The issue presented in the motion to dismiss is not whether the Bankruptcy Court's dismissal of the adversary proceeding was proper, but rather whether the dismissal was entitled to *res judicata* effect. The Court found that it was entitled to such effect, noting that it raised the identical claims of fraudulent conveyance alleged in Debtor's state lawsuit, and that the Bankruptcy Court's dismissal based on the unclean hands doctrine, whether right or wrong, was on the merits. *See id.* at *9. The fact that Debtor claims that he sought injunctive relief in the adversary proceeding, and now seeks additional forms of

that Debtor was able to demonstrate that finding was in error, he has failed to provide any argument that the Court erred in its alternative and independent ground for the application of *res judicata*: the effect of the final settlement in the PDSC bankruptcy case, which settled claims regarding the alleged fraudulent transfer of, and resolved issues regarding the disposition of, the same assets at issue in Debtor's state lawsuit. *See Albicocco*, 2006 WL 2376441, at *9. Accordingly, based on the application of the independent, alternative ground for the application of *res judicata*, the Debtor has also failed to demonstrate that he has a substantial likelihood of success on appeal.

### B. Other Factors

As previously mentioned, the Debtor has failed to address the other three criteria of the standard for a stay pending appeal: that he will suffer irreparable harm if the stay is not granted, that the trustee and creditors of the estate will not suffer substantial harm, and that the public interest will not be harmed by the grant of a stay. Given that the Court finds that the only factor addressed does not favor application of the stay, and that the Debtor bears the "heavy burden" of establishing entitlement to such relief, the Court cannot

---

relief in the state lawsuit does not impact the applicability of the *res judicata* doctrine under New York law. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (noting that New York has "adopted a transactional approach to res judicata, barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief") (citing *Smith v. Russell Sage College,* 54 N.Y.2d 185 (N.Y. 1981)).

6

find such relief warranted.[8]

---

[8] However, as Debtor's application is framed in terms of enjoining the Trustee from removing him from his residence, the Court could construe his motion as alleging irreparable harm arising from his eviction. However, even under such a construction, the application lacks any indication of how approval of the settlement, the bankruptcy order on appeal in the instant case, is connected to an eviction from his residence. Moreover, the Debtor has also failed to present any argument or evidence with respect to the other factors, and PDSC offered opposing arguments as to each of them. Specifically, PDSC asserts that the estate and its creditors will suffer substantial harm if a stay is granted because the sale value of the Debtor's home will be damaged by pushing the sale into the winter, and that the property continues to depreciate and accrue unpaid property taxes. Further, PDSC argues that a stay would not be in the public interest because Debtor's continued use and occupancy of estate property without paying rent (which has now exceeded a year) frustrates the interests of reaching finality by satisfying the estate's creditors. The Court notes that these unrebutted interests have weight, given the "public interest in the expeditious administration of bankruptcy cases [which] is impaired by obstructing the trustee's efforts to collect, liquidate and distribute assets to creditors of the estate." *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 272 (S.D.N.Y. 2004) (internal quotation and citation omitted). The creditors certainly have a strong interest in obtaining proceeds from sale of the assets before they dissipate any further. *Id.* (finding that "the public interest in the expeditious administration of bankruptcy cases as well as in the preservation of the bankrupt's assets for purposes of paying creditors, rather than litigation of claims lacking a substantial possibility of success, outweighs the public interest in resolving the issues presented here on appeal.") Given these interests and the strength of the Court's determination that Debtor is unlikely to succeed on the merits of his appeal, a weighing of the factors based on the evidence

## III. CONCLUSION

As a final note, the Court recognizes that a party arguing entitlement to a stay pending appeal, directed to the court which issued the order that is being appealed, faces the Sisyphean task of convincing the court that it was in error and substantially likely to be reversed on appeal. Because the Court placed significant emphasis on that factor in the instant case (as the only factor that was adequately presented and briefed) and since there are insinuations of potential irreparable harm to the movant insofar as the Debtor may be evicted from his residence,[9] the Court exercises its discretion to grant a temporary stay so that Debtor may seek a stay pending appeal from the Second Circuit. *See, e.g., Neely,* 2003 WL 21448872, at *3 (denying stay pending appeal, while exercising discretion to grant temporary stay to allow application for stay pending appeal to the Second Circuit); *accord LNC Investments, Inc. v. Republic of Nicaragua*, No. 96-CV-6360 (JFK), 2000 WL 729216, at *2 (S.D.N.Y. June 6, 2000).

In sum, since Debtor has failed to meet his burden to demonstrate an entitlement to a stay pending appeal, his application for a stay pending appeal is DENIED. However, the Court grants a temporary stay on his eviction

---

before the Court at this juncture tips decidedly in favor of denying Debtor's application for a stay pending appeal.

[9] As referenced *supra* in note 8, the Debtor's application is framed in terms of enjoining the Trustee from evicting him from his residence. Debtor has also referenced his fear of potential eviction at the pre-motion conference held before the Court on July 20, 2006, and at the oral argument held regarding PDSC's motion to dismiss on August 7, 2006.

so that Debtor may seek, from the United States Court of Appeals for the Second Circuit, a stay pending appeal, pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure. If the Debtor fails to file a motion for a stay pending appeal before the Second Circuit by 12:00 noon on Friday, September 15, 2006, the temporary stay shall expire. If the Debtor files a motion for a stay pending appeal in the Second Circuit before the deadline, this Court's temporary stay will remain in effect until the *stay* motion before the Second Circuit is decided.

  SO ORDERED.

_____
  JOSEPH F. BIANCO
  United States District Judge

Dated: September 13, 2006
Brooklyn, New York

     \* \* \*

The attorney for the appellant-debtor is Robert J. Del Col, Esq., 34 Dewey Street, Huntington, New York 11743. The attorney for the appellee-creditor Port Dock and Stone Corporation is Robert L. Pryor, Esq., 675 Old Country Road, Westbury, New York 11590. The trustee is Allan B. Mendelsohn, Esq., of Zavatsky, Mendelsohn, Gross, Savino, Levy LLP, P.O. Box 510, 33 Queens Street, Syosset, New York 11791-0510.